UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RONALD CANGE,
        Plaintiff,

v.                            CA 11-128 S

OLNEYVILLE POST OFFICE,
        Defendant.

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is Defendant's Motion to Dismiss (Docket ("Dkt.") #3) ("Motion to Dismiss" or "Motion"). Defendant United States of America[1] ("Defendant" or the "United States") contends that this action should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6), for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5). Plaintiff Ronald Cange ("Plaintiff") has not filed a response to the Motion. See Dkt. The Court has determined that no hearing is necessary.

The Motion to Dismiss has been referred to me pursuant to 28

---

[1] The Olneyville Post Office is not a suable entity, and, therefore, the proper defendant to this action is the United States. See Azeez v. United States Postal Services (USPS), No. 10-CV-2001 (JS)(ETB), 2010 WL 3172122, at *1 (E.D.N.Y. Aug. 10, 2010)("The United States Postal Service is not a suable entity and thus the proper defendant to this action is the United States.").

U.S.C. § 636(b)(1)(B) for preliminary review, findings, and recommended disposition. After reviewing the filings and performing independent research, I recommend that the Motion be granted.

## I. Facts[2] and Travel

On or about February 22, 2011, Plaintiff filed a Small Claims Notice of Suit ("Notice of Suit") against the Olneyville Post Office in the Rhode Island Sixth Division District Court, Case No. 11-1410. See Notice of Removal (Dkt. #1) at 1. The action alleges that the United States Postal Service ("USPS") failed to deliver two letters over a two year period of time. Id. According to Plaintiff, his wife's case with the United States Customs and Immigration Service ("USCIS") was denied because she never received a letter from USCIS and he had to reapply and pay another fee. Defendant's Memorandum in Support of Its Motion to Dismiss ("Defendant's Mem.") at 1.[3] Plaintiff seeks $1,500.00 in damages and $60.98 in court costs. Notice of Removal, Attachment ("Att.") (Notice of Suit) at 1.

Defendant removed the action to this Court on or about March 29, 2011. See Dkt.; see also State Court Record (Dkt. #2). The

---

[2] The facts are taken from the Notice of Removal (Dkt. #1) and attached Small Claims Notice of Suit ("Notice of Suit").

[3] The copy of the Notice of Suit attached to the Notice of Removal is largely illegible. Defendant represents that Plaintiff makes these allegations in the Notice of Suit. See Defendant's Memorandum in Support of Its Motion to Dismiss ("Defendant's Mem.") at 1.

2

Motion to Dismiss was filed on April 19, 2011. See Dkt. Plaintiff's response was due on May 6, 2011, but, as noted previously, no response was filed. See id. The Motion was subsequently referred to this Magistrate Judge. See id.

**II. Law**

    **A.    Rule 12(b)(1) Standard**

When a defendant moves to dismiss for lack of subject matter jurisdiction, "the party invoking the jurisdiction of a federal court bears the burden of proving its existence." Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007)(quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). In considering a Rule 12(b)(1) motion, the court must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. Merlonghhi v. United States, 620 F.3d 50, 54 (1st Cir. 2010)(citing Valentin v. Hospital Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001)).

In determining a motion to dismiss pursuant to Rule 12(b)(1), a trial court may consider extrinsic materials in passing upon a motion to dismiss pursuant to Rule 12(b)(1) without converting it into a motion for summary judgment. See Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000); see also Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002)("While the court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion, it may consider such materials on a Rule

12(b)(1) motion.").

## B. Federal Tort Claims Act

"[A]s a sovereign nation, the United States is immune from liability except to the extent that it consents to suit." Bolduc v. United States, 402 F.3d 50, 55 (1st Cir. 2005). "That consent usually takes the form of an express waiver of its sovereign immunity. ... In the absence of an applicable waiver, courts lack jurisdiction to entertain claims against the United States." Muirhead v. Mecham, 427 F.3d 14, 17 (1st Cir. 2005).

> The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-2680, waives the sovereign immunity of the United States to suits in tort. The prerequisite for liability under the Act is a "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

Santiago-Ramirez v. Sec'y of Dep't of Defense, 984 F.2d 16, 18 (1st Cir. 1993); see also Patterson v. United States, 451 F.3d 268, 270 (1st Cir. 2006)("The FTCA permits individuals to sue the United States 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[]' ....")(quoting 28 U.S.C. § 1346(b)(1)); Bolduc, 402 F.3d at 55 ("The FTCA evinces a waiver of sovereign immunity with respect to certain categories of torts committed by federal employees in the scope of their employment. It simultaneously

4

grants the federal district courts jurisdiction over such claims.") (internal citation omitted); Santoni v. Potter, 369 F.3d 594, 602 (1st Cir. 2004)("The Federal Tort Claims Act provides a limited congressional waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment. Under the statute, the United States may be held civilly liable in the same manner and to the same extent as a private individual under like circumstances.")(internal citation and quotation marks omitted); Roman v. Townsend, 224 F.3d 24, 27 (1st Cir. 2000)("The FTCA waives the sovereign immunity of the United States with respect to tort claims and provides the exclusive remedy to compensate for a federal employee's tortious acts committed within his or her scope of employment.")(internal citation omitted).

"Th[e] waiver of sovereign immunity, however, is subject to a number of statutory exceptions." Santoni, 369 F.3d at 602; see also Bolduc, 402 F.3d at 55 ("A bundle of exceptions, mostly in the nature of exclusions and carve-outs, circumscribes the FTCA's waiver of sovereign immunity."); Muniz-Rivera v. United States, 326 F.3d 8, 11 (1st Cir. 2003)("[T]he FTCA's exception to sovereign immunity itself contains exceptions."); Dynamic Image Techs., Inc., 221 F.3d at 39 (noting that FTCA's waiver of sovereign immunity "is hedged with a myriad of exceptions"). "In a suit under the FTCA, the district court's jurisdiction is limited by 28 U.S.C. §

5

1346(b). Only claims properly within the scope of the FTCA's waiver of sovereign immunity in 28 U.S.C. § 2674 are cognizable. Another provision lists the exceptions to FTCA liability, and provides that if one of the exceptions applies, '[t]he provisions of ... section 1346(b) of this title shall not apply.'" Abreu v. United States, 468 F.3d 20, 25 (1st Cir. 2006)(quoting 28 U.S.C. § 2680)(alterations in original).

Further, "unlike a suit against a private person, the Congress has created an administrative procedure that claimants must follow and exhaust. This procedure allows the agency involved to receive a claim, investigate, and perhaps settle the dispute before a suit is filed. 28 U.S.C. § 2675.[4]" Santiago-Ramirez, 984 F.2d at 18; see also Estate of Barrett v. United States, 462 F.3d 28, 36 (1st Cir. 2006)("[T]o ensure that meritorious claims can be settled more quickly without the need for filing suit and possible expensive and

---

[4] Section 2675(a) provides in relevant part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

6

time-consuming litigation, the FTCA includes an administrative exhaustion requirement.")(alteration in original)(internal quotation marks omitted) .

Under the aforementioned administrative procedure,

> [i]n order to bring a tort claim against the United States under the FTCA, a claimant must first file an Administrative Claim with the appropriate federal agency within two years of the accrual of the claim and then file a tort claim against the United States within six months after a denial of (or failure to act upon) that claim by the administrative agency. In addition, the FTCA requires that the named defendant in an FTCA action be the United States and only the United States.

Roman, 224 F.3d at 27 (internal citations omitted); see also McNeil v. United States, 508 U.S. 106, 107, 113 S.Ct. 1980 (1993)("The Federal Tort Claims Act ... provides that an action shall not be instituted upon a claim against the United States for money damages unless the claimant has first exhausted his administrative remedies.")(internal quotation marks omitted); United States v. Kubrick, 444 U.S. 111, 113, 100 S.Ct. 352 (1979)("Under the Federal Tort Claims Act ..., 28 U.S.C. § 2401(b),[5] a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency within two years after such claim

---

[5] Section 2401(b) states that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

7

accrues.")(footnote and internal quotation marks omitted); Román-Cancel v. United States, 613 F.3d 37, 41 (1st Cir. 2010); Patterson, 451 F.3d at 270. In order to provide the Government with the requisite notice under 28 U.S.C. § 2675(a), a claimant is required to present to the agency "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain ...." Santiago-Ramirez, 984 F.2d at 19 (quoting 28 C.F.R. § 14.2(a)[6]).

"[E]xhaustion of plaintiffs' administrative remedies is a jurisdictional prerequisite to the prosecution of their FTCA claims." Redondo-Borges v. U.S. Dep't of Housing & Urban Dev., 421 F.3d 1, 7 (1st Cir. 2005)(quoting Cotto v. United States, 993 F.2d 274, 280 (1st Cir. 1993)); see also Cascone v. United States, 370 F.3d 95, 103 (1st Cir. 2004)("Timely filing of an administrative claim is a jurisdictional prerequisite to suit."); Corte-Real v. United States, 949 F.2d 484, 485-86 (1st Cir. 1991)("The requirements that a claimant timely present a claim, in writing, stating a sum certain are prerequisites to a federal court's

---

[6] Section 14.2(a) provides in relevant part that:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident ....

28 C.F.R. § 14.2(a) (2011).

8

jurisdiction to entertain a suit against the United States under the FTCA."). "As with all waivers of sovereign immunity, the FTCA must be 'construed strictly in favor of the federal government ....'" Bolduc, 402 F.3d at 56 (citation omitted); see also Cascone, 370 F.3d at 103 ("Because the FTCA is a waiver of sovereign immunity, it is strictly construed.").

"In addition, the FTCA requires that the named defendant in an FTCA action be the United States and only the United States." Roman, 224 F.3d at 27; see also Mars v. Hanberry, 752 F.2d 254, 255 (6th Cir. 1985)("The United States is the only proper party in an action pursuant to the Federal Tort Claims Act."); FDIC v. diStefano, 839 F.Supp. 110, 120 (D.R.I. 1993)("It is well settled that a claim under the FTCA must be brought against the United States rather than against an individual agency."). Thus, "courts have consistently dismissed FTCA claims filed against a federal agency or corporation or against federal employees." Nelson v. USPS, 650 F.Supp. 411, 412 (W.D. Mich. 1986).

**III. Discussion**

"As a general matter, trial courts should give Rule 12(b)(1) motions precedence." Dynamic Image Techs., Inc., 221 F.3d at 37. This is because "[i]f the Court lacks subject matter jurisdiction over [Plaintiff's] claims against the United States, it has no power or authority to hear or decide those claims, and thus all other motions would become moot." Miller v. George Arpin & Sons,

9

Inc., 949 F.Supp. 961, 965 (D.R.I. 1997). Thus, the Court begins with Defendant's Motion pursuant to Fed. R. Civ. P. 12(b)(1). See id. ("the Court will begin by addressing the question of subject matter jurisdiction"). Because the Court finds that it lacks subject matter jurisdiction over Plaintiff's claim, it need not address Defendant's additional arguments pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6).

First, as noted above, the FTCA is subject to a number of exceptions. One of those exceptions, the so-called "postal-matter exception," Levasseur v. USPS, 543 F.3d 23, 23 (1st Cir. 2008), encompasses "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b);[7] see also Anderson v. USPS, 761 F.2d 527, 528 (9th Cir. 1985)("[B]y 28 U.S.C. § 2680(b) the United States retains sovereign immunity for tort claims against it for loss, miscarriage, or negligent transmission of the mails.")(internal quotation marks omitted); Insurance Co. of N. Am. v. USPS, 675 F.2d 756, 758 (5th

---

[7] Section 2680 provides, in relevant part, that:

The provisions of this chapter and section 1346(b) of this title shall not apply to--

....

(b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.

....

28 U.S.C. § 2680.

10

Cir. 1982)(stating that FTCA applies to claims against USPS sounding in tort but that under § 2680(b) of the FTCA "the bar of sovereign immunity is not waived with respect to claims involving negligent handling of the mails").

> The Supreme Court has stated that, as a general rule, the postal-matter exception preserves immunity for "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." Dolan v. U.S.P.S., 546 U.S. 481, 489, 126 S.Ct. 1252, 163 L.Ed.2d 1079 (2006). It provided several examples of such injuries, including "harms arising from nondelivery or late delivery of sensitive materials or information (*e.g.*, medicines or a mortgage foreclosure notice)." Id. The claim here, which similarly complains of the "nondelivery ... of sensitive materials," falls squarely within this category.

Levasseur, 543 F.3d at 24 (alteration in original).

As was the case in Levasseur, Plaintiff's claim in the instant matter, that the USPS failed to deliver a letter from USCIS regarding his wife's case and that he had to reapply and pay another fee, see Defendant's Mem. at 1,[8] falls squarely within the postal-matter exception, see Levasseur, 543 F.3d at 24; see also Benigni v. United States, 141 F.3d 1167, 1998 WL 165159, at *1 (8th Cir. Apr. 10, 1998)(unpublished table decision, text in Westlaw) (holding that plaintiff's "loss-of-mail claim was barred by the postal exception to the FTCA"). Accordingly, sovereign immunity bars his claim, see Anderson, 761 F.2d at 528 (holding that plaintiff's tort claim against USPS "for loss of his package ...

---

[8] See n.2.

11

was barred by sovereign immunity"); Insurance Co. of N. Am., 675 F.2d at 759 (holding that because § "2680(b) retains sovereign immunity with respect to claims of negligent handling of the mails ... plaintiff's suit must fail"), and it should be dismissed for lack of subject matter jurisdiction, see Muniz-Rivera, 326 F.3d at 11 ("Because the plaintiffs' claims ... fall within spheres that the FTCA abjures,[9] we conclude that the district court properly dismissed the amended complaint for lack of subject matter jurisdiction."); id. at 12 (noting that FTCA's exceptions "define the limits of federal subject matter jurisdiction in this area") (quoting Hydrogen Tech. Corp. v. United States, 831 F.2d 1155, 1161 (1st Cir. 1987)); cf. Bolduc, 402 F.3d at 60 ("When a claim falls within the contours of section 2680(a), it must be dismissed for lack of subject matter jurisdiction."); Abreu, 468 F.3d at 25 (noting that "if the discretionary function exception [to the FTCA] applies, the jurisdictional grant of section 1346(b) does not, such that 'the [government] is completely immune from suit, and the claim must be dismissed for lack of subject matter jurisdiction'")(quoting Santoni, 369 F.3d at 602)(second alteration in original); Santoni, 369 F.3d at 602 ("If the discretionary function exception applies, the agency is completely immune from suit, and the claim must be dismissed for lack of subject matter

---

[9] Abjure means "to abstain from ...."  Webster's Third New International Dictionary, page 4 (1993).

jurisdiction.").

Second, the filing of an administrative claim with the agency in question, here the USPS, is a jurisdictional prerequisite. Redondo-Borges, 421 F.3d at 7; see also Cascone, 370 F.3d at 103; Corte-Real, 949 F.2d at 485-86. There is no evidence that Plaintiff did so. In fact, Defendant has provided evidence, in the form of the Declaration of Linda K. Crump ("Crump Decl."), that he did not file an administrative claim prior to filing his Notice of Suit. Ms. Crump attests that:

1. I am the Supervisor, Tort Claims Examiner/ Adjudicator within the United States Postal Service National Tort Center, St. Louis General Law Office. ...

2. In that capacity, I have full access to, and regularly utilize, all Postal Service Law Department records that are maintained on each administrative claim submitted for adjudication to the Postal Service pursuant to the provisions of the Federal Tort Claims Act, §§ 1346(b) and 2671 et seq. The records of claims maintained by the Law Department are nationwide; consequently, they include tort claims submitted that occur within the State of Rhode Island.

3. The Law Department maintains an internal database that contains a listing of most claims filed against the United States Postal Service for damage, injury, or death. This database contains information regarding the claim, including the date the claim was received. The only claims that are not listed in this database system are claims for loss that are settled at the local level by a Tort Claims Coordinator. ...

4. I conducted a search of all Postal Service Law Department records of administrative tort claims submitted for adjudication for evidence of an administrative claim filed by or on behalf of

13

> Ronald Cange, the above-named plaintiff. No such claim was discovered.
>
> 5. A separate database maintained by the Postal Service tort claim coordinators contains information on and tracks claims settled at the local level.
>
> 6. I conducted a search of all Postal Service tort claim coordinator database records of administrative tort claims settled at the local level for evidence of an administrative claim filed by or on behalf of Ronald Cange, the above-named plaintiff. No such claim was discovered.

Crump Decl. ¶¶ 1-6.

Because Plaintiff has not filed an administrative claim with the USPS, as required by the FTCA, this Court has no jurisdiction over his action. See Estate of Barrett, 462 F.3d at 30 (noting that court "d[id] not have jurisdiction to review [p]laintiff's FTCA claim against the government because [p]laintiff did not exhaust her administrative remedies"); Santiago-Ramirez, 984 F.2d at 18 ("Failure to timely file an administrative claim with the appropriate federal agency results in dismissal of the plaintiff's claim, since the filing of an administrative claim is a non-waivable jurisdictional requirement."). Accordingly, it should be dismissed.

Third, it is obvious from the Notice of Suit that Plaintiff has not named the United States as defendant. See Notice of Suit. Rather, he named the Olneyville Post Office. See id. This additional factor deprives the Court of jurisdiction over Plaintiff's claim. Roman, 224 F.3d at 28 ("Failure to name the

14

United States as defendant in an FTCA suit results in a fatal lack of jurisdiction.")(quoting Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990)); see also Mars, 752 F.2d at 256 ("Since [plaintiff] does not name the United States as a defendant the district court had no jurisdiction."). Therefore, the action should be dismissed on this basis as well. See Mars, 752 F.2d at 256 ("Since [plaintiff's] complaint is jurisdictionally defective, we find that dismissal is warranted for lack of subject matter jurisdiction as asserted in the government's motion pursuant to Fed. R. Civ. P. 12(b)(1) ...."); Nelson, 650 F.Supp. at 412.

Because Plaintiff's claim is barred by the postal-matter exception to the FTCA, he has not exhausted his administrative remedies, and he has failed to name the proper defendant, the Court lacks subject matter jurisdiction over the action and it should be dismissed on this basis. I so recommend.

**IV. Conclusion**

Because the Court lacks subject matter jurisdiction over Plaintiff's action, I recommend that Defendant's Motion to Dismiss be granted. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.

See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

**/s/ David L. Martin**
DAVID L. MARTIN
United States Magistrate Judge
November 4, 2011